1  BRAMSON, PLUTZIK, MAHLER
   & BIRKHAEUSER LLP
2  Alan Plutzik (Cal. State Bar No. 077785)
3  2125 Oak Grove Road
   Walnut Creek, CA  94598
4  Telephone:  (925) 945-0200
   Facsimile:   (925) 945-8792
5  aplutzik@bramsonplutzik.com

6
   Counsel for Plaintiff
7  IRA for the Benefit of Karl Graulich

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | IRA FOR THE BENEFIT OF KARL           | No. C-12-04327-JSW
   | GRAULICH, derivatively on behalf of   |
12 | ZYNGA, INC.,                          | [PLAINTIFF GRAULICH'S
   |                                       | ~~PROPOSED]~~ PRETRIAL ORDER
13 |            Plaintiff,                 | NO. 1 CONSOLIDATING
   |                                       | DERIVATIVE ACTIONS AND
14 |        -against-                      | APPOINTING A LEADERSHIP
   |                                       | STRUCTURE FOR PLAINTIFFS
15 | MARK PINCUS, JOHN SCHAPPERT,          |
16 | WILLIAM GORDON, REID HOFFMAN,         |
   | JEFFREY KATZENBERG, STANLEY J.        | Date:  February 15, 2013
17 | MERESMAN, SUNIL PAUL, OWEN VAN        | Time:  9:00 a.m.
   | NATTA, MARK VRANESH, DAVID M.         | Courtroom: 11, 19th Floor
18 | WEHNER, REGINALD D. DAVIS, and        |
19 | CADIR B. LEE,                         | Judge:  Hon. Jeffrey S. White
20 |            Defendants,                |
21 |        -and-                          |
22 | ZYNGA, INC.,                          |
23 |            Nominal Defendant.         |

24

25

26

27     ~~[PROPOSED]~~ PRETRIAL ORDER NO. 1 CONSOLIDATING DERIVATIVE ACTIONS AND
                APPOINTING LEADERSHIP STRUCTURE FOR PLAINTIFFS
28

| | |
|---|---|
| MARCUS ALBIN, derivatively on behalf of ZYNGA INC., <br><br> Plaintiff, <br><br> -against- <br><br> MARK PINCUS, CADIR LEE, REID HOFFMAN, OWEN VAN NATTA, DAVID M. WEHNER, MARK VRANESH, JOHN SCHAPPERT, REGINALD D. DAVIS, WILLIAM GORDON, JEFFREY KATZENBERG, STANLEY J. MERESMAN, SUNIL PAUL, and JEFF KARP, <br><br> Defendants, <br><br> -and- <br><br> ZYNGA, INC., <br><br> Nominal Defendant. | No. C-12-04330-MMC |
| STACEY BARRON, derivatively on behalf of ZYNGA, INC., <br><br> Plaintiff, <br><br> -against- <br><br> MARK PINCUS, DAVID M. WEHNER, MARK VRANESH, CADIR LEE, REGINALD D. DAVIS, JEFF KARP, REID HOFFMAN, WILLIAM GORDON, OWEN VAN NATTA, JEFFREY KATZENBERG, STANLEY J. MERESMAN, SUNIL PAUL, and JOHN SCHAPPERT, <br><br> Defendants, <br><br> -and- <br><br> ZYNGA, INC., <br><br> Nominal Defendant. | No. C-12-04547-DMR |

[PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING DERIVATIVE ACTIONS AND APPOINTING LEADERSHIP STRUCTURE FOR PLAINTIFFS

| | |
|---|---|
| JENNA WEBER, derivatively on behalf of ZYNGA INC., <br><br> Plaintiff, <br><br> -against- <br><br> MARK PINCUS, WILLIAM GORDON, REID HOFFMAN, JEFFREY KATZENBERG, STANLEY J. MERESMAN, SUNIL PAUL, ELLEN F. SIMINOFF, OWEN VAN NATTA, JOHN SCHAPPERT, MARK VRANESH, DAVID M. WEHNER, REGINALD D. DAVIS, and CADIR LEE, <br><br> Defendants, <br><br> -and- <br><br> ZYNGA, INC., <br><br> Nominal Defendant. | No. C-12-04684-LB |

[PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING DERIVATIVE ACTIONS AND APPOINTING LEADERSHIP STRUCTURE FOR PLAINTIFFS

1  WHEREAS, there are presently four shareholder derivative actions against certain
2  officers and directors of Zynga, Inc. ("Zynga" or the "Company") on file in this Court;

3  WHEREAS, the four Zynga shareholder derivative actions arise out of the same alleged
4  transactions and occurrences and involve the same or substantially similar alleged issues of fact
5  and law, and, therefore, should be consolidated for all purposes;

6  WHEREAS, cross-motions have been filed by Plaintiffs Albin and Graulich seeking an
7  Order consolidating these actions and appointing a leadership structure to manage the
8  consolidated action (the "Consolidated Action"); and

9  WHEREAS, the Court has considered the motion papers submitted and for good cause
10 shown:

\* \* \*

Now, therefore, the Court ORDERS as follows:

## I. CONSOLIDATION OF SHAREHOLDER DERIVATIVE ACTIONS

The following actions ~~are hereby~~ <ins>have already been</ins> consolidated for all purposes, including pre-trial proceedings and trial, pursuant to Fed. R. Civ. P. 42(a):

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *IRA for the Benefit of Karl Graulich v. Pincus et al.* | C-12-04327-JSW | August 16, 2012 |
| *Marc Albin v. Pincus et al.* | C-12-04330-MMC | August 16, 2012 |
| *Stacey Barron v. Pincus et al.* | C-12-04547-DMR | August 30, 2012 |
| *Jenna Weber v. Pincus et al.* | C-12-04684-LB | September 7, 2012 |

The above-captioned actions shall be referred to herein as the "Consolidated Action." The Consolidated Action, as referenced herein, includes subsequently filed or transferred cases that are consolidated into the Consolidated Action.

## II. CAPTION OF CASES

Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE ZYNGA, INC. SHAREHOLDER DERIVATIVE LITIGATION | Civil Action No. C-12-04327<br><br>Relating to:<br>[                    ] |

## III. MASTER DOCKET

The files of the Consolidated Action shall be maintained in one file under Master File No. C-12-04327. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket. An original of this Order shall be filed by the Clerk in the Master File.

## IV. PLEADINGS AND MOTIONS

Plaintiffs shall file a consolidated complaint ("Consolidated Complaint") no later than 45 days following the entry of the order of consolidation unless otherwise agreed between the parties or approved by the Court. The Consolidated Complaint shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder. Defendants shall have up to 60 days after the filing of the Consolidated Complaint to move, answer or otherwise respond to the Consolidated Complaint. Plaintiffs shall file their opposition to any motion(s) filed by defendants with respect to the Consolidated Complaint within 45 days after the filing of defendants' motion(s). Defendants shall file any replies to plaintiffs' opposition(s) within 30 days after plaintiffs' filing of their opposition(s).

V. **ORGANIZATION OF COUNSEL**

Lead Counsel for plaintiffs in this Consolidated Action are:

> HARWOOD FEFFER LLP
> ROBERT I. HARWOOD
> SAMUEL K. ROSEN
> 488 Madison Avenue
> New York, NY 10022
> Telephone: (212) 935-7400

Lead Counsel shall have authority to speak for plaintiffs in all matters concerning the prosecution and resolution of the Consolidated Action, including with respect to pre-trial procedure, motion practice and discovery, trial, and settlement negotiations. Defendants' counsel may rely upon agreements made with Lead Counsel and such agreements shall be binding on all plaintiffs.

Lead Counsel shall be responsible on behalf of all plaintiffs for all matters concerning the prosecution and resolution of the Consolidated Action, including (a) setting policy for plaintiffs for the prosecution of this litigation; (b) delegating and monitoring the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense; (c) coordinating, on behalf of plaintiffs, the initiation, response, scheduling, briefing and argument of all motions, and the initiation and conduct of all discovery proceedings; (d) designating attorneys to appear at hearings and conferences; (e) determining the timing and substance of any settlement negotiations with defendants; and (f) providing supervision and coordination of the activities of plaintiffs' counsel. Lead Counsel shall coordinate all activities and appearances on behalf of plaintiffs and shall be responsible for the dissemination of notices and orders of this Court. Lead Counsel shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the Consolidated Action and to avoid duplicative or unproductive effort. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel.

Lead Counsel also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Lead Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel. Service on Lead Counsel shall be sufficient as notice to Plaintiffs in this action.

Liaison Counsel for plaintiffs in this Consolidated Action is:

> BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP
> ALAN PLUTZIK
> 2125 Oak Grove Road
> Walnut Creek, CA 94598
> (925) 945-0200
> (925) 945-8792 (fax)

## VI. NEWLY FILED OR TRANSFERRED ACTIONS

This Order shall apply to each case arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in or transferred to this Court.

When a case which properly belongs as part of the *In re Zynga, Inc. Derivative Litigation*, Lead Case No. 12-04327, is hereafter filed in this Court or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Action and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order. The hearing date of February 15, 2013 is HEREBY VACATED. *See* N.D. Civ. L.R. 7-1(b).

IT IS SO ORDERED.

Date: January 23, 2013

*/s/ Jeffrey S. White*
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE