UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In RE ZYNGA SHAREHOLDER DERIVATIVE LITIGATION | Case No. 12-cv-04327-JSC<br><br>**ORDER LIFTING STAY AND GRANTING MOTION TO DISMISS**<br><br>Consolidated with Case Nos.<br>12-cv-4330 JSC<br>12-cv-4547-JSC<br>12-cv-4684-JSC |

These consolidated shareholder derivative actions were filed in 2012. The parties thereafter stipulated into a series of stays, most recently to stay these actions pending the Zynga Special Litigation Committee's investigation. (Dkt. No. 74.) A similar derivative action has been proceeding in Delaware Court of Chancery, *Sandys v. Pincus*, Case No. 9512-CB. In March 2018 the plaintiffs in the Delaware derivative action reached a settlement with the defendants. The settlement, if approved by the Delaware court, would resolve all derivative actions, including those pending before this Court. Plaintiffs here therefore seek to lift the stay to permit them to conduct discovery into the proposed settlement, otherwise known as *Zapata* discovery. (Dkt. No. 75.) In response, Defendants move to dismiss based on a forum selection clause in Zynga's Certificate of Incorporation. (Dkt. No. 79.) Having reviewed the parties' submissions, the Court finds that oral argument is not required, *see* Civ. L.R. 7-1(b), LIFTS the stay, and GRANTS Defendants' motion to dismiss based on the forum selection clause.

## DISCUSSION

On September 14, 2011, prior to becoming a publicly traded company, Zynga amended its

Certificate of Incorporation to include a forum selection clause:

> **Choice of Forum:** The Court of Chancery of the State of Delaware shall be the sole and exclusive fourm for (i) any derivative action or proceeding brought on behalf of the Corporation; (ii) any action asserting a claim for breach of a fiduciary duty owed by any director, officer or other employee of the Corporation to the Corporation of the Corporation's stockholders; (iii) any action asserting a claim against the Corporation arising pursuant to any provision of the General Corporation Law, the Restated Certificate of the Bylaws of the Corporation; or (iv) any action asserting a claim against the Corporation governed by the internal affairs doctrine. Any person or entity purchasing or otherwise acquiring any interest in shares of capital stock of the Corporation shall be deemed to have notice and to have consented to the provisions of this Article VI.

(Dkt. No. 80-1 (Ex. E) at 37.) These derivative lawsuits fall squarely within this mandatory forum selection clause making Delaware Court of Chancery the exclusive forum. Defendants accordingly move to dismiss these actions pursuant to the doctrine of forum non conveniens.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens.*" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013) (internal quotation marks omitted). "A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). However, the presence of the forum-selection clause requires courts to adjust the forum con veniens analysis in several ways. First, the court should give no weight to the plaintiff's choice of forum. *Atlantic Marine Const. Co., Inc.*, 471 U.S. at 63. Second, the court should not consider any arguments about the parties' private interests. *Id.* at 64. Third, in considering the public interests, the court applies the choice-of-law principles of the venue specified in the forum selection clause. *Id.* at 64-65. Finally, the party resisting the venue specified in the forum-selection clause bears the burden of showing that the case should proceed in the plaintiff's chosen venue. *Id.* at 63-64. "[T]he practical result is that forum-selection clauses should control except in unusual cases." *Id*. at 582.

1 Plaintiffs do not dispute the adequacy of the Delaware forum. Nor could they: there is currently pending in Delaware Court of Chancery a similar action in which the court is presently evaluating a settlement of the derivative claims. And the public interest factors weigh in favor of maintaining the specified Delaware venue. Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6. There are no administrative difficulties; again, the Delaware Court of Chancery is presently considering settlement of the very claims raised in this lawsuit (albeit brought by different attorneys). The local interest is a wash given that Zynga, while headquartered in California, is incorporated in Delaware. Finally, Delaware is more familiar with applying Delaware law than this California court. Thus, pursuant to *Atlantic Marine* and the *forum non conveniens doctrine*, these actions should be dismissed without prejudice to proceeding in the appropriate forum.

Plaintiffs nonetheless insist that the forum selection clause should not be enforced. The burden is on Plaintiffs "to show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Plaintiffs do not contend that the amendment of Zynga's certificate of incorporation to include the forum selection clause long before any of the allegedly wrongful conduct alleged in these actions was the result of fraud or overreaching. Instead, they attempt to meet their heavy burden by challenging the forum-selection clause's choice of a state venue. Citing a New York state case, they contend that a plaintiff's right to proceed in a federal forum "cannot be contracted away" unless the balance of factors "strongly favors" the venue the defendants seek. (Dkt. No. 81 at 5 (citing *Matter of Topps Co., Inc. S'holder Litig.*, 859 N.Y.S.2d 907, 907, 2007 Misc. LEXIS 8973, at \*8 (Sup. Ct. N.Y. County June 8, 2007).) *Matter of Topps*, however, did not involve a forum selection clause or even a federal forum and thus is unhelpful. Further, the Supreme Court in *Atlantic Marine* specifically addressed a forum selection clause that chose a state or foreign venue. 571 U.S. at 60. Plaintiffs have thus not identified any support for their contention and the Court is not aware of any.

3

**CONCLUSION**

Zynga's certificate of incorporation includes a forum selection clause that specifies that these actions shall be brought in Delaware Court of Chancery. As Plaintiffs do not challenge the validity of the clause, and have not met their burden of showing that this is one of those unusual cases where the forum selection clause should not be enforced, Defendants' motion to dismiss on *forum non veniens* grounds is GRANTED without prejudice. Plaintiffs' motion for discovery is DENIED. Plaintiffs may seek such discovery from the court in the venue specified in the forum selection clause.

This Order disposes of Docket Nos. 75, 79. The Clerk shall close the files of these consolidated cases.

**IT IS SO ORDERED.**

Dated: May 17, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge